FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 AUG 25 PM 2: 21

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ANETHA SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 03-PT-465-M |
| ) | |
| GADSDEN STATE COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Defendant. ) | |

ENTERED
AUG 25 2003

## MEMORANDUM OPINION

This cause comes on to be heard upon defendant Gadsden State Community College's ("Gadsden State") Motion to Stay, filed on July 9, 2003.

### FACTS AND PROCEDURAL HISTORY

On February 28, 2003, plaintiff Anetha Simmons ("Simmons") filed suit against Gadsden State, alleging racial discrimination and retaliation. From 1979 to 2002, Simmons was employed with Gadsden State as a nursing instructor. Compl at ¶¶ 3, 7. Gadsden State terminated Simmons's employment on September 13, 2002. *Id.* at ¶ 12.

Simmons appealed her dismissal pursuant to the Alabama Fair Dismissal Act, Ala. Code § 36-26-106 (1975). Although the administrative appeal at issue was initiated in the fall of 2002, trial of the matter was continued until April 2003 due to conflicts. In May 2003, the chairman of the Fair Dismissal Act hearing panel died. Currently, the probate court has been asked to present another hearing panel to the parties. Gadsden State now seeks to stay all proceedings before this court, including discovery, pending the outcome of Simmons's Fair Dismissal Act hearing.



**ARGUMENTS**

I. **Defendant's Position**

Determinations made by the administrative hearing panel on issues such as job reinstatement and backpay, Gadsden State argues, will impact the current litigation.[1] Gadsden State further notes that the motion to stay was filed in advance of the summary judgment and discovery deadlines.[2] Moreover, Gadsden State contends, a stay would not limit Simmons's opportunities for discovery but rather permit more complete discovery. Gadsden State notes that a stay would promote "judicial economy," serve "the best interest of all parties," and enable the full adjudication of issues. Denial of the stay, Gadsden State contends, would prejudice defendant by increasing litigation expenses and hindering its ability to present all available defenses for purposes of summary judgment.

In the event the court denies its motion to stay, Gadsden State requests a court order extending all deadlines for discovery and dispositive motions.

II. **Plaintiff's Position**

Simmons opposes the motion to stay. Simmons argues that the motion was "untimely" filed "near the close of discovery in this matter" and will cause undue delay and hardship.

Importantly, Simmons asserts, the Fair Dismissal Act only provides for a hearing before a

---

[1] If the hearing panel reinstates plaintiff and awards her back pay, Gadsden State argues, these issues would become moot.

[2] The court's scheduling order of April 16, 2003 initially set the discovery cutoff date as September 11, 2003. The court has subsequently granted two motions filed by the parties to extend discovery deadlines. On July 25, 2003, the court granted a thirty-day discovery extension requested by Simmons in order to depose President Culverhouse. Then, on July 30, 2003, the court granted a ninety-day discovery extension requested by Gadsden State.

three-member lay panel, not a judicial or quasi-judicial body, on the very narrow issue of whether her termination was "arbitrary or unjust" or for "political or personal reasons," and whether her termination "was warranted based upon the facts of the case and the employment record of the employee." *See* Ala. Code § 36-26-106 (1975). The hearing panel's statutorily limited inquiry, Simmons contends, does not include legal issues before this court, i.e., whether Gadsden State's adverse employment actions stemmed from Simmons's filing of Title VII claims.[3] Finally, Plaintiff observes, the Fair Dismissal Act process neither addresses constitutional issues before this court nor allows for discovery or subpoenas.

## CONCLUSION

Defendant has not cited any cases which purport to support a basis for a stay. The court is not aware of any basis. Perhaps it would be more appropriate to stay the other hearing. The motion will be denied.

This 22rd day of August, 2003.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Here, Simmons cites *Carlisle v. Phenix City Board of Education*, 849 F.2d 1376 (11th Cir. 1988)(court found no res judicata bar to plaintiff's Title VII and § 1983 claims, in light of dissimilarities between state teacher tenure and federal proceedings).

3